Dwayne NORTON, Plaintiff–Appellant,

v.

Mark OBER, State of Florida,
Defendants–Appellees.

No. 13–14577
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 4, 2014.

Dwayne Norton, Tampa, FL, pro se.

Pam Bondi, Attorney General's Office,
Tampa, FL, for Defendants–Appellees.

Before TJOFLAT, PRYOR and
MARTIN, Circuit Judges.

PER CURIAM:

Dwayne Norton appeals the District
Court's dismissal of his complaint, which
indicated he was appealing the Florida
Supreme Court's dismissal of his state
criminal appeal. He alleged that he erro-
neously received a habitual-offender sen-
tencing enhancement. The District Court
dismissed Norton's complaint without prej-
udice on the ground that the court lacks
jurisdiction to review final judgments in
state court proceedings.

On appeal, Norton presents three argu-
ments. First, he contends that, after a
recent decision by the Florida Supreme
Court, the habitual-offender sentencing
enhancement he received was contrary to
Florida law. Second, he suggests that
police officers lacked probable cause to
arrest him. Third, he contends that a
witness who testified against him at trial
offered false testimony, and that the false
testimony infringed his constitutional
rights.

The United States Constitution gives the
federal courts jurisdiction over cases aris-
ing under federal law. U.S. Const. art.
III, § 2. Section 1257 of Title 28, United
States Code, provides that final judgments
rendered by the highest court of a state
may be reviewed by the United States
Supreme Court by writ of *certiorari*,
where the validity of a federal law is called
into question; where the constitutionality
of a state law is at issue; or where a party
claims a title, right, privilege, or immunity
under federal law. 28 U.S.C. § 1257. The
Supreme Court has confirmed that the
lower federal courts lack jurisdiction to
review final judgments of state courts, and
that review of such judgments pursuant to
28 U.S.C. § 1257 may only be had in the
Supreme Court. *See District of Columbia
Court of Appeals v. Feldman*, 460 U.S.
462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d
206 (1983); *Rooker v. Fidelity Trust Co.*,
263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68
L.Ed. 362 (1923).

Here, the only argument Norton raised
in the District Court was his first argu-
ment on appeal, which challenges the Flor-
ida Supreme Court's dismissal of his state
criminal appeal on state law grounds. No
federal court has jurisdiction to review a
final state court judgment based on state
law. *See* U.S. Const. art. III, § 2. Ac-
cordingly, the district court did not err in
dismissing Norton's complaint for lack of

subject matter jurisdiction.[1]

AFFIRMED.

---

1. We decline to review Norton's second and third arguments, as he did not present them to the district court. *See Access Now, Inc. v. Southwest Airlines Co.,* 385 F.3d 1324, 1331–32 (2004).

